UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS BATISTA,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. C04-5413RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
MARCH 25th, 2005**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion for judgement on the pleadings pursuant to Fed. R. Civ. P 12 (c). (Dkt. # 33). Plaintiff has responded. (Dkt. # 35). Defendant's have replied. (Dkt. # 34). This matter is now ripe for consideration.

<u>PROCEDURAL HISTORY AND FACTS</u>

    This action was commenced on July 15th, 2004 when plaintiff filed for leave to proceed *in forma pauperis*. (Dkt. # 1). At that time plaintiff lodged a proposed complaint that named as a defendant Correctional Sergeant Rohrer. (Dkt. # 1). Plaintiff alleges Sergeant Rohrer physically slammed plaintiff against a wall on March 9th, 2004. Plaintiff alleged physical injury and a violation

REPORT AND RECOMMENDATION - 1

of his Eighth Amendment right prohibiting cruel and unusual punishment. (Dkt. # 1). While plaintiff's motion to proceed *in forma pauperis* was pending plaintiff filed a "motion to amend" the complaint. (Dkt. # 3). Plaintiff specifically cited to Fed. R. Civ. P. 15 (a) in his motion.

Plaintiff was subsequently granted *in forma pauperis* status and the lodged complaint was filed on August 17th, 2004. (Dkt. # 7). The Court addressed the motion to amend on September 16th, 2004. (Dkt. # 11). The court informed plaintiff he did not need leave of court to amend as no responsive pleading had been filed. The court granted the motion and specifically informed the plaintiff that the amended complaint would act as a complete substitute for the original. (Dkt. # 11).

An amended complaint that does not name Sergeant Rohrer as a defendant was filed September 29th, 2004. (Dkt. # 13). This complaint names as defendants John Scott, Custody Unit Supervisor, Dan Van Ogle, Case Program Manager, Captain Obenland, and Lieutenant David Titus. (Dkt. # 13, page 3). Plaintiff also specifically alleges he is suing Associate Superintendent Scott Frakes and Superintendent Doug Waddington. (Dkt. # 13, page 3). No where in the document does plaintiff name Sergeant Rohrer as a defendant although he does reiterate his allegations against the sergeant. Plaintiff does not set forth the basis for his naming any person other than Sergeant Rohrer as a defendant. (Dkt. # 13).

Defendants seek judgment on the pleadings. Plaintiff responds and provides an affidavit setting forth his reasoning for naming at least some of the persons named in the amended complaint. Plaintiff argues that the grievance responses and investigation implicate several of the defendants in a "conspiracy." (Dkt. # 35 page 3). There is no conspiracy allegation in the amended complaint. (Dkt. # 13).

Defendants ask the court to strike the affidavit of plaintiff and argue that by submitting the affidavit plaintiff transforms the motion for judgment on the pleadings into a motion for summary judgment. (Dkt. # 34). The court declines to strike the document and disagrees that plaintiff's pleading transforms defendant's motion.

## DISCUSSION

The court must liberally construe plaintiff's pleadings because he is acting pro se. However,

REPORT AND RECOMMENDATION - 2

there are limits as to how far the court may go in construing a complaint.  The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the plaintiff has failed to plead.  Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

Here, plaintiff was warned that his amended complaint would act as a complete substitute for the original.  (Dkt. # 11).  The court did not order the plaintiff to file an amended complaint, plaintiff choose to do so.  When that complaint was filed on September 29th, 2004 Sergeant Rohrer ceased to be a defendant in this action.

Liability in a civil rights action is based on personal participation.  Leer v Murphy, 844 F.2d 628 (9th Cir. 1988).  Plaintiff has failed to allege facts in the amended complaint to show how any named defendant acted.  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

There is no *respondeat superior* liability in a civil rights action.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978).  Plaintiff does not allege that any of the named defendants were in the chow hall on March 9th, 2004 or that they were involved in the alleged incident where plaintiff was injured.  He has failed to state a claim against them.  Further, his attempt to now raise a conspiracy claim fails for a number of reasons.  First, the allegation is not part of the complaint.  Second, actions taken after March 9th by persons involved in answering grievances does not make those persons liable for the alleged actions of Sergeant Rohrer on March 9th, 2004.

Plaintiff has failed to state a claim against any of the currently named defendants.  The motion for judgment on the pleadings should be **GRANTED**.

## CONCLUSION

Defendants motion should be **GRANTED**.  A proposed order and proposed judgment

REPORT AND RECOMMENDATION - 3

1 accompanies this Report and Recommendation.

2      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
3 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
4 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
5 appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
6 72(b), the clerk is directed to set the matter for consideration on **March 25th, 2005**, as noted in the
7 caption.

10      DATED this 28th day of February, 2005.

12                                              /S/ *Karen L. Strombom*
                                             Karen L. Strombom
                                             United States Magistrate Judge

28 REPORT AND RECOMMENDATION - 4