UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS BATISTA,

    Plaintiff,

v.

SARGEANT ROHRER,

    Defendant.

Case No. C04-5413RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**FEBRUARY 17th, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion for summary judgement pursuant to Fed. R. Civ. P 56 (c). (Dkt. # 60). Plaintiff has responded. (Dkt. # 62). Defendant's have replied. (Dkt. # 63). This matter is now ripe for consideration.

PROCEDURAL HISTORY AND FACTS

    This action was commenced on July 15th, 2004 when plaintiff filed for leave to proceed *in forma pauperis*. (Dkt. # 1). Plaintiff filed an amended complaint that named as a defendant Sargeant Rohrer. (Dkt. # 43). Plaintiff alleges Sargeant Rohrer physically slammed plaintiff against a wall on March 9th, 2004 without provocation. Plaintiff alleges physical injury and a violation of his

REPORT AND RECOMMENDATION - 1

Eighth Amendment right prohibiting cruel and unusual punishment. (Dkt. # 43).

The parties agree that on March 9th, 2004 there was an incident in the dining hall between plaintiff and Sargeant Rohrer. (Dkt. # 60 and 62). The parties also agree that the plaintiff changed tables during his meal to talk to another inmate. Changing tables is not allowed. (Dkt. # 60 and 63). Finally the parties agree that Sargeant Rohrer ordered plaintiff to "tray up," put his food tray away and leave the dining hall. (Dkt. # 60 and 62).

Plaintiff contends that he did not say anything to Sargeant Rohrer and began to comply with the order to "tray up" but that Sargeant Rohrer started to yell at him. When the plaintiff did not respond to the yelling, Sargeant Rohrer ran across the dining room and slammed the plaintiff into a wall causing the plaintiff to have back pain. (Dkt. # 43). Thus, plaintiff alleges the force used was unnecessary and excessive.

Defendant contends that plaintiff got up and started across the dining hall to "tray up," but that the plaintiff stopped and repeatedly yelled and swore at Sargeant Rohrer. (Dkt. # 60). In an attempt to de-escalate the situation Sargeant Rohrer placed his hand on plaintiff's left arm and attempted to escort him outside. (Dkt. # 60). Plaintiff pulled away from the Sargeant and Sargeant Rohrer then spun plaintiff using his own momentum and placed him against the wall in a search position until plaintiff calmed down. (Dkt. # 60). Plaintiff then allowed himself to be taken from the dining hall, complied with an order to return to his cell and stay there until the Sargeant spoke to him. (Dkt. # 60). Defendant contends that plaintiff was apologetic when confronted by Sargeant Rohrer and that the Sargeant did not consider the events to be serious enough to report although the defendant seems to admit the placing of his hands on an inmate constituted a use of force under policy. (Dkt. # 60). Defendant shows that plaintiff had a sought medical attention for back pain prior to this incident. (Dkt. # 60).

## DISCUSSION

A.   The standard of review.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show

REPORT AND RECOMMENDATION - 2

that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630(relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

The court must liberally construe plaintiff's pleadings because he is acting pro se. However, there are limits as to how far the court may go in construing a complaint. The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the

REPORT AND RECOMMENDATION - 3

plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

B.     Analysis.

Here, the facts alleged in plaintiff's amended complaint and the facts alleged by defendant Rohrer are simply not compatible. Under the plaintiff's facts the force used was unnecessary and designed to cause injury or pain. (Dkt. # 43). Under defendant's facts the force was used to calm an inmate who was acting inappropriately in a volatile situation. Under this set of facts the use of force was constitutional. (Dkt. # 60).

The court cannot weigh the evidence. The facts surrounding the reason force was used and the amount of force used are in dispute. Also in dispute is what if any injury was caused by or is attributable to the use of force. Thus, this case involves credibility determinations. It is the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts. Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir.1995).

Accordingly, Defendant's motion for summary judgment should be **DENIED**

CONCLUSION

Defendants motion should be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 17th, 2006**, as noted in the caption.

DATED this 18th day of January, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4