UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS BATISTA,

    Plaintiff,

v.

CHARLES ROHRER,

    Defendants.

Case No. C04-5413 RBL

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND WARNING PLAINTIFF

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A), 636(b)(1)(B), and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The plaintiff has been granted leave to proceed *in forma pauperis*. (Dkt. # 6). Before the court is plaintiff's fourth motion for the appointment of counsel. The motion is **DENIED**.

    As the plaintiff has been repeatedly advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

    Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has

ORDER - 1

filed several motions in this case, was deposed and has filed a response to a motion for summary judgment, all without assistance of counsel.  The court has already found that the issue in this case, whether or not there was an unconstitutional use of force, is not complex.  Nor has plaintiff provided any evidence of exceptional circumstances or a likelihood of success on the merits.  Accordingly, plaintiff's motion to appoint counsel (Dkt. # 67) is **DENIED**.

The court is troubled by the plaintiff's repeated motions which fail to address the legal standard for appointment of counsel.  Under Rule 11 of the Federal Rules of Civil Procedure, plaintiff's signature on a pleading is an indication that the motion is brought in good faith and is not designed to needlessly increase the cost of litigation.  The court accepts that this fourth motion was brought in good faith.  However, plaintiff is warned that future motions should address the proper legal standard for the court's consideration.  Failure to do so may result in sanctions, which may include costs, monetary sanctions, and possibly dismissal of the action.

(2)   The Clerk is directed to send copies of this Order to plaintiff and counsel for defendant.

DATED this 5th day of May, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2